[No. 22161. Department One. April 14, 1930.]

THE STATE OF WASHINGTON, *Appellant*, v. O. O. AKERS, *Defendant*, CHARLES LOWENTHAL *et al.*, *Respondents.*[1]

[1]Reported in 286 Pac. 846.

354

*G. E. Clark* and *M. C. Delle,* for appellant.
*W. G. Boland* and *Thos. H. Wilson,* for respondents.

PARKER, J.—The appellant, state of Washington, seeks reversal of an order of the superior court for Yakima county vacating and setting aside a judgment of that court rendered against the respondents, Charles Lowenthal and others, upon a bail bond executed by them as sureties and by the defendant Akers as principal. The undisputed controlling facts appearing in the record before us may be summarized as follows:

On March 28, 1928, the defendant Akers was, by information filed in the superior court for Yakima county, charged with committing the offense of "unlawful manufacture of intoxicating liquor with intent to sell the same," and was by the same information charged with a prior conviction in that court of the offense of "unlawful manufacture of intoxicating liquor." On April 2, 1928, Akers furnished a bail bond for his appearance in the superior court, executed by himself as principal and by respondents as sureties; which bond, following the usual recitals, is conditioned as follows:

"Now, therefore, if the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment rendered therein; . . . appear in the superior court to answer said charge whenever the same shall be prosecuted, and at all times, until discharged according to law, render himself amenable to the orders and process of the superior court, and if convicted, render himself in

execution of the judgment, . . . then this application to be void."

Thereupon Akers was given his liberty pending the prosecution.

On May 14, 1928, Akers appeared in court with his counsel and entered his plea of not guilty. Soon thereafter the court set the case for trial on June 4, 1928. On June 1, 1928, Akers appeared in court without his counsel, when, by permission of the court, he withdrew his plea of not guilty and entered his plea of guilty, when the court immediately rendered final judgment against him, which, omitting the usual introductory recitals, reads as follows:

" . . . ordered, adjudged and decreed that the said defendant is guilty of the crime of unlawful manufacture of intoxicating liquor with intent to sell the same, charging second offense, and that he be punished by confinement in the county jail of Yakima county, Washington, for a period of ninety (90) days, and to pay a fine of five hundred dollars ($500). Fine to be paid by November 1, 1928; sentence to commence November 1, 1928, and that he shall pay the costs of the prosecution as the same may be hereafter taxed, the defendant O. O. Akers is hereby remanded to the custody of the sheriff of said county to be by him detained in the county jail of Yakima county, state of Washington, until such fine and costs are paid or otherwise secured as provided by law."

The change of Akers' plea from not guilty to guilty and the rendering of the final judgment against him on June 1, 1928, three days prior to the date set for his trial upon his plea of not guilty, occurred without any knowledge thereof on the part of his counsel or respondents, the sureties upon his bail bond. Notwithstanding the concluding words of the judgment committing Akers to the custody of the sheriff, it appears that the sheriff did not take actual custody of him in

the sense of actually restraining him of his liberty. The theory of counsel for the state apparently is that the judgment is in legal effect one of suspended sentence under Rem. Comp. Stat., § 2280.

Akers was at liberty under these conditions and did not appear on November 1, 1928, and the sheriff was thereafter unable to find him. On November 21, 1928, upon an *ex parte* application of counsel for the state, the court rendered judgment against respondents as sureties upon the bail bond, executed and conditioned as above noticed, in the sum of $750. Soon thereafter counsel for the state caused execution to be issued against respondents upon that judgment. The sheriff thereupon proceeded to levy upon the stock of merchandise of the going business of respondents. To prevent such threatened levy, respondents were compelled to and did pay to the sheriff the amount of that judgment. Until the sheriff threatened to levy upon the stock of merchandise of respondents, they had no notice or knowledge of the application for or the rendering of the judgment against them upon the bail bond.

On December 4, 1928, respondents applied to the court for an order and judgment vacating and setting aside the judgment rendered against them on the bail bond and for repayment to them of the amount paid by them to avoid the threatened levy of the execution issued thereon. That application came on for hearing upon the merits, counsel both for the state and for respondents participating therein, when the facts were made to appear as we have summarized them; upon which the court entered its order and judgment as applied for by respondents. It is from this order and judgment that the state has appealed to this court.

Counsel for the state contend that the failure of Akers to appear on November 1, 1928, at the expi-

ration of the period of the suspension of his sentence, then to commence serving his sentence, entitled the state to judgment against respondents as sureties under the conditions of his bail bond above quoted. We cannot agree with this contention. We are of the opinion that, when Akers personally appeared in court and pleaded guilty and the court then rendered its final judgment against him upon that plea, he then "rendered himself in execution of the judgment." He was then personally present in court, as he was required to be to enable the court to render final judgment against him, Rem. Comp. Stat., § 2196, and was then by the express terms of the judgment "remanded to the custody of the sheriff." Thus he was taken out of the constructive custody of respondents, his sureties, and placed either in the actual physical custody of the sheriff, or in the constructive custody of the sheriff if the judgment be viewed as in legal effect embodying a suspension of his sentence until November 1, 1928. The only authority there is in this state for the court to suspend or stay sentence is found in Rem. Comp. Stat., § 2280, which in mandatory terms requires "that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension." *State ex rel. Lundin v. Superior Court,* 102 Wash. 600, 174 Pac. 473; *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393; *State ex rel. Zbinden v. Superior Court,* 135 Wash. 458, 238 Pac. 9, 240 Pac. 565.

The principal argument here made in behalf of the state is rested upon the condition of the bail bond that Akers shall "render himself in execution of the judgment." This was one of the conditions of the bail bond drawn in question in *State v. Caruso,* 137 Wash. 519, 243 Pac. 14, though that bail bond was furnished by Caruso in a criminal prosecution against him be-

fore a justice of the peace. It was in that case held by this court, in effect, that Caruso's personal presence in court at the time of the rendering of the judgment of conviction against him by the justice of the peace was, in legal effect, the rendering of himself in execution of the judgment; and therefore effectively exonerated the sureties upon his bail bond from further liability for his appearance. The question was exhaustively reviewed in that decision as to whether or not the bail bond extended the liability of the sureties for the further appearance of Caruso. We adhere to the view therein expressed. True, Caruso in that case, instead of submitting to the judgment of the justice of the peace, appealed to the superior court and gave an appeal bail bond, as the law required, for his further appearance and prosecution of his appeal in the superior court. That, however, as was in effect held, did not continue the liability of the sureties on his original bail bond conditioned that he render himself in execution of the judgment of the justice of the peace.

We do not understand it to be seriously contended that these respondent sureties have not the right to attack the judgment here in question rendered against them and to resist the rendering of any such judgment against them, by the manner in which they presented these questions to the superior court. The former was given but little attention by counsel or the trial judge. The latter was manifestly regarded by counsel and the trial judge as the real question for decision.

We conclude that the order and judgment of the superior court vacating and setting aside the judgment of that court rendered against respondents as sureties upon Akers' bail bond must be affirmed. It is so ordered.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.