[No. 29114. Department Two. October 8, 1943.]

THE STATE OF WASHINGTON, *Respondent*, v. F. A. STRICKER, *Appellant*.[1]

[1] Reported in 141 P. (2d) 873.

*Geo. H. Crandell,* for appellant.

*Lloyd Shorett* and *Leo J. Peden,* for respondent.

BLAKE, J.—June 15, 1942, defendant was found guilty of assault in the third degree in justice court for Seattle precinct and fined fifty dollars and costs. He filed notice of appeal to the superior court on June 17th, and, on the same day, filed in that court a transcript of the proceedings had in justice court. He posted a bond on appeal in the amount of four hundred fifty dollars. He did nothing further toward prosecuting his appeal.

May 6, 1943, the prosecuting attorney moved to dismiss the appeal for lack of diligent prosecution. June 1st, the court entered an order dismissing the appeal and affirming the judgment of conviction in the lower court, forfeiting defendant's appeal bond, and directing that he be apprehended and brought before the court for sentence.

He was brought before the court June 4th, when sentence was pronounced and judgment entered. From the judgment and sentence, he appeals, assigning error: (1) on the dismissal of his appeal and (2) on the forfeiture of his appeal bond.

*First.* This court has held in a long line of cases that one appealing to the superior court from a conviction of a criminal charge in justice court, has the burden of prosecuting his appeal diligently—which means that, after perfecting his appeal, he must call his case up for trial with-

in a reasonable time. If he fails to do so, the superior court may, in its discretion, dismiss the appeal. *State v. Buffum,* 94 Wash. 25, 161 Pac. 832; *State v. Koerner,* 103 Wash. 516, 175 Pac. 175; *State v. Berg,* 111 Wash. 422, 191 Pac. 400; *State v. Tubbs,* 138 Wash. 116, 244 Pac. 256; *State v. Moore,* 15 Wn. (2d) 460, 131 P. (2d) 148.

 Appellant recognizes the rule, but he contends that it is inapplicable because of Rule VIII, subd. (d), a special rule of the superior court for King county, which puts the burden on the prosecuting attorney of noting criminal cases for trial. The rule relied upon follows:

"The Prosecuting Attorney shall furnish to the Presiding Judge and to the clerk, on each Saturday morning at the convening of court, a list of the criminal and quasi-criminal causes that he will be ready to try during the week, beginning with the third Monday thereafter, and the number of cases which may be heard at the same time, and the Judge thereupon shall assign said causes for trial during such week, or any other dates thereafter in his discretion. *Causes coming up on appeal from Justice Courts shall be placed on the trial docket and assigned for hearing and trial the same as other causes.*" (Italics ours.)

The italicized sentence does not purport to relieve an appellant from justice court of the duty of prosecuting his appeal diligently. Nor, as we read it, does it impose any duty on the prosecuting attorney to note cases appealed from justice court for trial. If that were the intention of the makers of the rule, it could have been accomplished more definitely and clearly by omitting the sentence entirely. We think, as contended by the prosecutor and held by the trial court, the sentence makes an exception of cases appealed from justice court in the category of cases which the prosecutor is required to note for trial. In saying that "causes coming up on appeal from Justice Courts shall be placed on the trial docket . . . *as other causes,*" the makers of the rule must have referred to civil cases; otherwise, the sentence is meaningless.

Appellant having failed to note his case for trial within a reasonable time, his appeal was properly dismissed.

■ *Second.* Appellant contends that the superior court could not impose a penalty and at the same time forfeit his appeal bond. In support of his contention, he cites *State v. Caruso,* 137 Wash. 519, 243 Pac. 14, and *State v. Akers,* 156 Wash. 353, 286 Pac. 846. In each of those cases, the power of the court to forfeit a *bail* bond was involved. Neither has any application to the forfeiture of an *appeal* bond posted upon appeal from justice court to the superior.

Remington's Revised Statutes, § 1919 [P. C. § 9444], provides:

". . . The appellant shall be committed to the jail of the county until he shall recognize or give a bond to the state, in such reasonable sum with such sureties as said justice may require, with condition to appear at the court appealed to, *and there prosecute his appeal,* and to abide the sentence of the court thereon, if not revised by a higher court." (Italics ours.)

Rem. Rev. Stat., § 1920 [P. C. § 9445], provides:

". . . If the appellant shall fail to enter and prosecute his appeal, he shall be defaulted on his recognizance, if any was taken, and the superior court may award sentence against him for the offense whereof he was convicted, in like manner as if he had been convicted thereof in that court; . . ."

In failing to prosecute his appeal, appellant breached a condition of his appeal bond prescribed by § 1919. His bond, consequently, was subject to forfeiture. It having been forfeited, appellant, under Rem. Rev. Stat., § 1920, was still subject to imposition of sentence and judgment "in like manner as if he had been convicted . . . in that court."

Clearly, the procedure followed by the court in forfeiting the appeal bond and imposing sentence is sanctioned by the statutes.

Judgment affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.

December 24, 1943. Petition for rehearing denied.