STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MIDLAND INS. CO., DEFENDANT-APPELLANT, AND LEROY BROWN, JR., DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted April 10, 1979—Decided April 16, 1979.

Before Judges ARD and ANTELL.

*Rosenthal & Rubinowitz,* attorneys for the appellant (*Richard P. Blender,* of counsel).

Respondent filed no brief.

The opinion of the court was delivered by

ARD, J. A. D. Midland Ins. Co. (Midland) appeals a judgment entered against defendants on a recognizance of bail. The recognizance of bail was executed by Leroy Brown, Jr. as principal and Midland as surety. Leroy Brown, Jr. does not appeal.

Although the record in this case consists only of a transcript of the forfeiture hearing dated December 16, 1977, it appears that Brown was charged with breaking and entering with intent to commit larceny; threatening life; atrocious assault and battery and assault with intent to rape. Prior to trial he was released on bail in the amount of $10,000, in which Midland acted in the capacity of surety. Subsequently, Brown was tried and found guilty on all charges, immediately

after which the trial judge increased the bail to $25,000. Brown was thereafter remanded to the Monmouth County Correctional Institute on the same day, March 16, 1977, since he was unable to meet the additional bail requirement.

On July 8, 1977 Brown appeared for sentencing; however, for reasons not indicated in the record, his sentencing was postponed and he was remanded to the jail. Three days later Brown posted the additional $15,000,[1] was released and ordered to appear for sentencing on September 16, 1977. He failed to so appear.

Thereafter, the recognizance filed by Midland was ordered forfeited and on November 18, 1977 the county moved for entry of judgment pursuant to R. 1:13-3(b). A cross-motion was filed by Midland to vacate the forfeiture and to exonerate itself from any liability. Subsequently, argument was heard on the motions, and the judge, in an oral opinion, granted the county's, but denied Midland's, motion.

We have no record of what occurred at the time the trial judge raised the bail to $25,000. However, in ruling on the motions, the judge (not the trial judge) was not contradicted when he premised his decision with the statement:

* * * In fairness to the defendant, the Judge who heard the trial did not discharge the bail and require a new Twenty Five Thousand Dollars to be posted. Because, you see, the defendant had paid his money to Midland, and this is a question of money on the part of the surety company.

Thus, it appears that defendant Brown obtained his release by supplementing the original $10,000 bond with an additional $15,000.

---

[1]The record does not reveal where Brown obtained the additional $15,000. However, based on the representations made by counsel during the argument on the motions, it is safe to assume that Brown did not obtain it through Midland.

Appellant's sole argument is that the surety was discharged once defendant was remanded to the county jail and held in lieu of higher bail. We disagree.

The recognizance in question was conditioned as follows:

WHEREAS, the principal has been bound over to await final determination of the cause referred to in the caption hereinabove set out, THE CONDITION OF THIS RECOGNIZANCE is such that if the said principal shall appear before the Monmouth County Court *at all stages of the proceedings until final determination of the cause,* unless otherwise ordered by the Court, then this recognizance to be void otherwise to remain in full force and virtue. [Emphasis supplied]

Unquestionably, the final determination of the cause does not occur until "a dismissal on the merits, an acquittal or upon sentence after conviction. * * *" *State v. Rice,* 137 *N. J. Super.* 593, 601 (Law Div. 1975), aff'd o. b. 148 *N. J. Super.* 145 (App. Div. 1977). The surety is bound by the terms of its contract. As stated in *Rice:*

The recognizance of bail constitutes a contract, and where executed by a surety amounts to a contract between that surety and the State. *State v. Gonzalez,* 69 *N. J. Super.* 283, 291 (App. Div. 1961) ; 8 *Am. Jur.* 2d, *Bail & Recognizance,* § 59. As such, the traditional rules of contract law are applicable. The recognizance must be construed according to its express terms. The plain meaning may not be modified where no ambiguity exists. 8 *Am. Jur.* 2d, *Bail & Recognizance,* § 59 ; 8 *C. J. S. Bail* § 62 ; *Cf. Midland Carpet Corp. v. Franklin Assoc. Prop.,* 90 *N. J. Super.* 42, 46 (App. Div. 1966) ; *U. S. Pipe & Foundry Co. v. American Arbitration Ass'n,* 67 *N. J. Super.* 384, 393 (App. Div. 1961) ; *Commonwealth v. Hill,* 180 *Pa. Super.* 430, 119 *A.* 2d 572, 573 (Super. Ct. 1956). [at 600]

Moreover, this contractual obligation of the surety is consistent with our court rules. Indeed, *R.* 3 :26–4 (a) provides in pertinent part:

(a) Deposit of Bail. A person admitted to bail shall, together with his sureties, sign and execute a recognizance before the person authorized to take bail or, if the defendant is in custody, the person in charge of the place of confinement. The recognizance shall contain the terms set forth in *R.* 1 :13–3 (b) and *shall be conditioned*

*upon his appearance at all stages of the proceedings until final determination of the matter,* unless otherwise ordered by the court. [Emphasis supplied]

██ Midland argues that its obligation was terminated at the time defendant was remanded to the county jail and was unable to post the additional $15,000 bail. In support of its contention Midland cites *State v. Gonzalez,* 69 *N. J. Super.* 283 (App. Div. 1961), where this court stated:

The general rule is that where, after giving bail, the prisoner is re-arrested on the same charge or for the same offense, the sureties are discharged, since the only consideration of the undertaking accruing to the sureties is the custody of the principal. Hence, when this consideration fails their liability ceases. 8 *C. J. S. Bail* § 77, p. 150. See also 6 *Am. Jur., Bail and Recognizance,* § 183, p. 137. Accordingly, when the bail is released by the re-arrest, nothing short of a new obligation will bind the sureties and, although the principal is subsequently released, the liability of the sureties is not revived. [at 288]

However, the court also stated that this rule of exoneration is inapplicable where "the State has taken only temporary custody expiring before the appearance date. The rationale of the distinction between the two situations is that in the latter situation the surety (absent special circumstances which are not present here) suffers no demonstrable prejudice by the temporary detention." *Id.* at 289. While the temporary period in *Gonzalez* was four days, we see no basis for distinguishing it from this case. In both instances, the surety suffered no prejudice and the principal was released prior to the appearance date. At no time did Midland formally surrender Brown. As was stated in *Gonzalez*:

* * * It did not do so, but instead chose to retain the premium it had charged in exchange for its guarantee to produce the principal at the trial, and thereafter, if need be. It made no effort to terminate its obligation by surrendering Gonzalez until it was prevented from doing so by his flight. This was too late. * * * [69 *N. J. Super.* at 289]

Furthermore, Brown's temporary incarceration due to his inability to raise the additional bail at that time cannot be

construed as a "final determination of the matter." Consistent with *R*. 3:26-4(a) and the aforementioned quoted section of the recognizance, it was stated in *State v. Rice, supra*:

> This jurisdiction has, in the past, demonstrated a tendency to hold a *cognizor* to his obligation until all likelihood of further prosecution has passed. * * * [137 *N. J. Super.* at 601; footnote omitted]

Defendant never moved to terminate its obligation. It had the option of returning Brown to custody after he deposited the additional bail, but did not. Indeed, it would appear from the record that Midland had no knowledge of defendant's remand to the county jail and his subsequent release. This is not only confirmed by its attorney's admission during the argument on the motion but also by Midland's failure to move for exoneration during the time Brown remained in jail. As noted in 8 *C. J. S. Bail* § 77 at 213, even when the State has taken custody of the principal, exoneration is not automatic.

> * * * Where surety is free to surrender the principal at the time of arraignment at which time he is remanded to jail, or during his detention, or at any time after his release therefrom, but surety instead chooses to retain the premiums charged in exchange for a guarantee to produce the principal at trial, it is too late for surety to terminate its obligation after surety is prevented from surrendering the principal because of his flight.

See also, *State v. Gonzalez, supra,* 69 *N. J. Super.* at 289. In our view, the better policy is to hold the surety to its obligation until the final determination is rendered unless the court discharges the obligation at an earlier point in the proceedings. In the event the surety has reason to request exoneration "prior to final determination of the cause," it must do so by formal motion. Obviously, the ultimate decision on such a request is within the discretion of the court. In the instant case, we hold that the surety was not automatically discharged by the temporary incarceration of the principal.

Affirmed.