[No. 13460-4-I. Division One. November 12, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM HAMPTON, *Defendant,* BAKER–JOHNSON BAIL BOND COMPANY, *Appellant.*

*Ralph G. Turco* and *Richard D. Smith,* for appellant.

*C. Thomas Moser, Prosecuting Attorney,* and *John W. Murphy, Deputy,* for respondent.

RINGOLD, J.—Baker–Johnson Bail Bonds appeals from an order of the Superior Court denying its motion to reconsider vacating a bail bond forfeiture.

In March 1982 William Hampton was charged with theft in the first degree. A bail bond in the amount of $10,000 was posted by the National Automobile and Casualty Insurance Company and by Baker–Johnson Bail Bonds (Baker) on Hampton's behalf. Hampton entered a guilty plea on May 4, 1982, and sentencing was set for June 29, 1982. On this date Hampton appeared with his attorney before the trial judge.

Although the prosecutor recommended that Hampton serve 90 days in the county jail and make restitution in the amount of $10,000, the court refused to accept this recommendation and orally sentenced Hampton to the Department of Corrections for a term of not more than 10 years, and then remanded the defendant to the custody of the Skagit County Sheriff "to be detained and transported to the reception center for confinement in such facility as the Director of the Department of Corrections shall deem appropriate."

Since the printed "judgment and sentence" form previously prepared by the prosecutor did not conform to the court's ruling, a brief recess was taken to conform the document. After reconvening, Hampton's attorney requested

that Hampton be allowed to begin serving his sentence on July 1, 1982. The court, without objection, granted the request and ordered Hampton to return on July 1, 1982, for the signing of the judgment, sentence and commitment order, and to begin serving his sentence. Hampton failed to appear. On September 9, 1982, an order was entered forfeiting the bail bond. Baker paid the $10,000 into the court on November 1, 1982.

Utilizing information obtained by Baker during a trip to Kentucky made in pursuit of Hampton, law enforcement officials apprehended Hampton in Indiana. Baker flew to Indiana and brought Hampton back to Washington on or about February 5, 1983.

On February 8, 1983, Hampton appeared before the trial judge and the judgment and sentence committing Hampton to the Department of Corrections was signed. At this time, Baker moved the court to vacate the order forfeiting the bail bond. The court took this matter under advisement. By letter filed February 23, 1983, the court denied Baker's motion without stating reasons.

On March 16, 1983, Baker filed a motion to reconsider the refusal to vacate the order of forfeiture. In a memorandum opinion and order filed June 21, 1983, the court denied the motion for reconsideration, stating that the conditions of the bond were not met or exonerated by operation of law. This appeal follows.

### TIMELINESS OF APPEAL

The State contends that the Superior Court denied Baker's motion to vacate the forfeiture on February 23, 1983. RAP 5.2 requires notice of appeal to be filed within 30 days of entry of the decision. Since Baker did not file a notice of appeal until July 8, 1983, the State argues the appeal was untimely.

While it is true that Baker's motion to vacate the forfeiture was denied by letter filed February 23, this is not the order that is being appealed. Baker is appealing from the court's denial of the later motion for reconsideration of the

order. Since this order was filed on June 21, 1983, Baker satisfied the provisions of RAP 5.2(e), which states that an appeal of a motion for reconsideration under CR 59 must be filed within 30 days after the entry of the order.

## EXONERATION OF BAIL BOND

■ Baker first contends that liability on the bond was discharged. Washington courts have consistently held that a bail bond is discharged when the principal is found guilty, sentenced and committed. *State v. Akers,* 156 Wash. 353, 355, 286 P. 846 (1930); *State v. Caruso,* 137 Wash. 519, 524, 243 P. 14 (1926); *State v. Ransom,* 34 Wn. App. 819, 822, 664 P.2d 521 (1983). Baker argues that after Hampton pleaded guilty, the judge sentenced and committed him, thus discharging the bond. In each of the three cases cited, the court had entered a final judgment of sentence and commitment. *State v. Akers, supra* at 355; *State v. Caruso, supra* at 522; *State v. Ransom, supra* at 820. In the case sub judice, however, only an oral pronouncement of sentence and commitment was rendered. Baker contends that this pronouncement, coupled with Hampton's guilty plea, should be sufficient to satisfy the test for discharge of the bond.

There is a significant legal difference between oral pronouncements and final judgments. Washington courts have long held that oral pronouncements of judgment and sentence are not conclusive or final. *State v. Dailey,* 93 Wn.2d 454, 458–59, 610 P.2d 357 (1980); *State v. Mallory,* 69 Wn.2d 532, 533–34, 419 P.2d 324 (1966) (oral decision has no final or binding effect unless formally incorporated into the findings, conclusions and judgment); *State v. Sutton,* 159 Wash. 307, 311–12, 293 P. 469 (1930); *State ex rel. Echtle v. Card,* 148 Wash. 270, 272, 268 P. 869, 59 A.L.R. 519 (1928) (oral announcements of sentence are not valid or conclusive). To extend the rationale of *State v. Akers, supra,* to the case at bench would require this court to afford a greater status to a court's oral pronouncements than has heretofore been recognized.

Regardless of the general rule explicated in *State v. Akers, supra,* the effect of the pronouncement of sentence on the liability of the surety must first be discerned from the terms of the bond itself. *State v. Lewis,* 35 Wash. 261, 269, 77 P. 198 (1904). "The liability of the sureties is strictly limited by the terms of the bail bond, which is in effect their contract with the state . . ." 8 Am. Jur. 2d *Bail and Recognizance* § 101 (1980); *see also United States v. Jackson,* 465 F.2d 964, 965 (10th Cir. 1972); *People v. Calloway,* 40 Colo. App. 543, 577 P.2d 1109, 1112 (1978); *State v. Midland Ins. Co.,* 167 N.J. Super. 419, 400 A.2d 1222, 1224 (1979).

The bond states:

> Now, THEREFORE, if the said William A. Hampton, said defendant, shall be and appear before said Superior Court on the 12th day of March, 1982, and from day to day thereafter as ordered by said court, to answer said information and charge now pending against him in said court as aforesaid, and abide by and perform all orders and judgments of said court in the premises, and not depart from said court without leave of said court until discharged by due course of law, then this recognizance and obligation to be void, otherwise to be and remain in full force, virtue and effect.

Since the bond requires the principal to "abide by and perform all orders and judgments of said court in the premises" and "not depart from said court without leave of said court until discharged" it is properly considered a continuing bond. 8 Am. Jur. 2d *Bail and Recognizance* § 104 (1980); *see also State v. Corl,* 58 N.C. App. 107, 293 S.E.2d 264, 267, 32 A.L.R.4th 499 (1982); *Knight v. State ex rel. Henry,* 35 Okla. 375, 130 P. 282, 282 (1913). Unlike a bond that merely requires the sureties to have their principal appear in court until his case is determined, sureties on a bond conditioned upon the principal abiding the judgments of the court are not discharged by conviction or pronouncement of sentence. 8 Am. Jur. 2d *Bail and Recognizance* § 110 (1980); 8 C.J.S. *Bail* § 79 (1962); *United States v. Miller,* 539 F.2d 445, 449 (5th Cir. 1976); *United States Fid. &*

*Guar. Co. v. Justice Court,* 99 Cal. App. 2d 683, 222 P.2d 292, 295 (1950). Here the trial judge deferred the entry of the judgment and sentence to July 1, 1983, at which time the defendant would physically be committed to the custody of the sheriff. A bail bond such as this which provides that a defendant shall not depart the court without leave covers the period during which sentence is suspended. 8 Am. Jur. 2d *Bail and Recognizance* § 110 (1980); *United States v. Gonware,* 415 F.2d 82, 83–84 (9th Cir. 1969); *La Grotta v. United States,* 77 F.2d 673, 677, 103 A.L.R. 527 (8th Cir. 1935).

Hampton violated the terms of the bond by violating the orders of the court. The obligations of Hampton and Baker pursuant to the bond were not discharged.

ABUSE OF DISCRETION

RCW 10.19.105 provides that:

> If a bond be given and execution stayed, as provided in RCW 10.19.100, and the person for whose appearance such recognizance was given shall be produced in court before the expiration of said period of sixty days, the judge may vacate such judgment upon such terms as may be just and equitable, otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors.

The State contends that since Baker did not seek a stay of execution under RCW 10.19.100,[1] the court did not abuse its discretion in denying Baker's motion to vacate the forfeiture. The State would have the court read RCW 10.19.105 as stating that requesting a stay of execution under RCW 10.19.100 is a prerequisite to subsequent ability to challenge the forfeiture. RCW 10.19.100 was intended to provide the surety with temporary relief from the harshness of forfeiture. It is not a prerequisite for later relief. As

---

[1] RCW 10.19.100 states: "The parties, or either of them, against whom such judgment may be entered in the superior or supreme courts, may stay said execution for sixty days by giving a bond with two or more sureties, to be approved by the clerk, conditioned for the payment of such judgment at the expiration of sixty days, unless the same shall be vacated before the expiration of that time."

was held in *State v. Jackschitz,* 76 Wash. 253, 136 P. 132 (1913), the provisions of RCW 10.19.105, then Rem. & Ball. Code § 2233, are not to be construed as limiting the common law power of the court to vacate a forfeiture of bail even after the expiration of the 60–day period. *Jackschitz,* at 256. Though Baker's motion to vacate was made more than 60 days after the order of forfeiture, Baker properly sought redress.

Baker argues that the trial court abused its discretion in failing to vacate the forfeiture in light of the fact that he diligently searched for Hampton and returned him to Washington at great expense. The general rule has been that where a principal appears or is in custody in another state within the 60–day stay of execution period provided in RCW 10.19.100, it is an abuse of discretion to refuse to vacate an order of forfeiture of a bail bond. *State v. Mullen,* 66 Wn.2d 255, 258–59, 401 P.2d 991 (1965); *State v. Jimas,* 166 Wash. 356, 359, 7 P.2d 15, 84 A.L.R. 416 (1932). Where the principal is returned after the expiration of the 60–day stay of execution period, the trial court's decision has been affirmed in every instance whether the motion to vacate the forfeiture was granted or denied. *State v. Van Wagner,* 16 Wn.2d 54, 132 P.2d 359 (1942); *State v. Jimas, supra; State v. Ohm,* 145 Wash. 197, 259 P. 382 (1927); *State v. Jackschitz, supra; State v. Molina,* 8 Wn. App. 551, 507 P.2d 909 (1973).

■ The scope of review that can be exercised by this court was stated in *State v. Van Wagner,* at 62–63 (quoting *State v. Jimas, supra*):

> The test, in determining the question whether the trial court erred in refusing to vacate the forfeiture of a bail bond, "is not alone one of time whether prompt or otherwise; nor good faith, or the lack of it; nor compensation, or lack of it, to the bondsmen or surety; nor whether there are organized, undisclosed principals in procuring the business of furnishing bail" but "is the judicial discretion of the trial judge, who, in formulating and arriving at his judgment, may look to all such things, if in the case, and others, if there are any, with the

understanding, . . . that in 'the absence of evidence of flagrant abuse the appellate court will not interfere.'"

In *State v. Molina, supra,* the defendant, Jose Molina, failed to appear for arraignment. The bondsman was unable to locate him, and after a stay of 60 days, forfeiture of the bond was ordered. The bondsman continued to make attempts to locate Molina, who was arrested nearly 4 months later by law enforcement officials and returned to custody. The bondsman sought to vacate the forfeiture contending that it was an abuse of discretion for the trial court not to vacate the forfeiture, unless the State could show prejudice or prove expenses. He argued that he acted diligently in trying to locate Molina and the defendant was subsequently returned. *Molina,* at 552–53. This court affirmed the trial court's order denying the vacation of the forfeiture order. Significantly, in holding that the trial court did not abuse its discretion, the opinion points out that Molina's "apprehension was by law enforcement officials and not the bondsman" and that the bondsman failed to collect a premium which "encouraged defendant's disappearance because he had no personal stake in appearing." *Molina,* at 554.

"A trial court abuses its discretion when its exercise of discretion is manifestly unreasonable or based upon untenable grounds or reasons." *Davis v. Globe Mach. Mfg. Co.,* 102 Wn.2d 68, 77, 684 P.2d 692 (1984); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The record is void of any reasons the trial court refused to refund any part of the funds expended to locate Hampton and return him to this state. The bondsman contends that diligent efforts to apprehend Hampton were made, and approximately $3,000 was expended. Unlike *Molina,* it was through the bondsman's efforts and his expense that Hampton was returned. We cannot say that the trial court's order is based on tenable grounds or reasons.

Rather than remanding for a reconsideration of the issue, in the interest of judicial economy, we conclude that Baker should recover a portion of the bail. The amount of recov-

ery should be computed by determining the amount of money reasonably expended by Baker in pursuing and returning Hampton to Washington and deducting therefrom the reasonable expenses incurred by the State in the same endeavor. We remand to the trial court for determination in accord herewith.

SWANSON and GROSSE, JJ., concur.

Reconsideration denied May 20, 1986.

Review granted by Supreme Court September 2, 1986.