[No. 9929. Department Two. August 21, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
THELMA JOHNSON *et al.*, *Appellants.*[1]

BAIL—FORFEITURE—VACATION OF JUDGMENT—DISCRETION. Rem. & Bal. Code, § 2233, providing that, if, upon a stay of execution against sureties on a bail bond, the person bailed shall be produced in court before expiration of the stay, the court may vacate the judgment against the bail on such terms as may be just and equitable, imposes a judicial discretion on the trial court, and not one that can be exercised arbitrarily.

[1]Reported in 126 Pac. 56.

SAME—ABUSE OF DISCRETION—GOOD FAITH OF BAIL. Under Rem.
& Bal. Code, § 2233, providing that the court may vacate a judgment
on a bail bond, if the person bailed is produced in court before the
expiration of a stay of execution, it is an abuse of discretion to
refuse to vacate the judgment, where, on a charge of grand larceny,
there had been several adjournments of the trial of accused, who
was advised by her attorney that the state was indifferent about
prosecuting, that she might leave the city, and that he would notify
her if the case was set for trial; and it appeared that she had no
notice of the trial, and none could be given her, that her bail acted
in good faith and spent considerable money in attempting to locate
her without success; and after judgment forfeiting the bail bond,
accused, upon learning of the same, returned and surrendered her-
self to the court before expiration of the stay.

SAME—JUDGMENT ON BAIL BOND—ENTRY—DATE—STAY. The
clerk's journal entry of a judgment forfeiting a bail bond, is not
the judgment governing the sixty-day stay of execution thereon
within which the accused could be produced, where it was informal
and did not specify the amount, being in effect an order of default,
and was so construed by the prosecuting attorney, who six weeks
later entered a formal judgment for the amount of the bond; as
the latter would, in any event, have the effect of vacating the
earlier one and estop the state from denying that it was the judg-
ment for all purposes.

Appeal from a judgment of the superior court for King
county, Main, J., entered February 18, 1911, denying a
motion to vacate a judgment forfeiting a bail bond. Re-
versed.

*J. L. Finch* and *Jay C. Allen*, for appellants.

*John F. Murphy, Hugh M. Caldwell*, and *H. B. Butler*,
for respondent.

ELLIS, J.—The defendant Thelma Johnson was charged,
by information in the superior court of King county, with the
crime of grand larceny. She was admitted to bail in the
sum of $1,000, the defendants Charles H. Walker and Rosa
Walker his wife, and E. H. Williams and Effie Williams his
wife, being her bondsmen. The case was set for trial on
December 6th, 1910. Upon the request of the defendant
Thelma Johnson, the case was continued not to a day certain
but to be subsequently set. On December 15, 1910, the case

was set for trial on January 3, 1911. On that day, it was called for trial, and the defendant failing to appear, an order of default and forfeiture of the bail bond was entered and judgment granted against the defendant and her sureties, the clerk's minutes reading as follows:

"This cause comes on regularly for hearing this day. Defendant fails to appear. On motion of deputy prosecuting attorney H. M. Caldwell, court orders bail bonds forfeited and grants judgment against the defendant and sureties."

On February 18th a formal written judgment was entered against the defendants and her bondsmen for $1,000, the penalty of the bond, at the instance of the plaintiff. Thereafter the judgment was stayed for sixty days by the giving of a bond as provided in § 2232, Rem. & Bal. Code. The defendant, as soon as she learned of the judgment, surrendered herself to her bondsmen, who on April 12, and within the sixty days from the entry of the formal written judgment, produced her before the court. On June 17, the defendant and her bondsmen on proper notice moved the court to set aside and vacate the judgment. From an order denying that motion, the defendants have appealed.

The evidence at the hearing showed that, at the time of the continuance, the then attorney for the defendant Johnson informed her that the state was somewhat indifferent as to a further prosecution of the case, and that she might then leave the city of Seattle, and he would notify her when the case was again set for trial; that she desired to leave because she had been ordered to do so by the police department of the city; that it was agreed that her attorney would notify a certain friend of hers who would know of her whereabouts; but that the friend soon after also left Seattle without advising either the defendant or her attorney of the fact; that the defendant had no knowledge that the case was set for trial on January 3; and that her attorney being unable to find her friend, was unable to find and notify the defendant of that fact. The evidence further showed that, on learning

of the default of the original defendant, her bondsmen employed attorneys, and prosecuted diligent search for her, spending $325 in their efforts to locate her; that she, from an independent source, learned that the case had been called and the bond forfeited, and at once came to Seattle and surrendered herself to her bondsmen.

The trial court, in ruling upon the motion to vacate the judgment, stated that he believed, and would so find, that both the attorneys and the bondsmen had acted in good faith, and that neither of them had in any manner meant to, nor had they in fact trifled with the court in the premises, but that he believed that to grant the application would in effect set at naught the efforts of the state to prosecute criminal cases in which defendants had been admitted to bail, and would make bonds in criminal cases of no force and effect, and would tend to thwart the ends of justice and he could see no reason why defendant could not and should not have kept her counsel advised of her whereabouts so that she could have been notified that the case was set for trial.

The statutory provisions pertinent to the questions here involved are as follows:

"If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the default to be entered upon its minutes, and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited." Rem. & Bal. Code, § 2090.

"In criminal cases where a recognizance for the appearance of any person, either as a witness or to appear and answer, shall have been taken and a default entered, the recognizance shall be declared forfeited by the court, and at the time of adjudging such forfeiture said court shall enter judgment against the principal and sureties named in such recognizance for the sum therein mentioned, and execution may issue thereon the same as upon other judgments." Rem. & Bal. Code, § 2231.

"The parties, or either of them, against whom such judgment may be entered in the superior or supreme courts, may

stay said execution for sixty days by giving a bond, with two or more sureties, to be approved by the clerk, conditioned for the payment of such judgment at the expiration of sixty days, unless the same shall be vacated before the expiration of that time." Rem. & Bal. Code, §2232.

"If a bond be given and execution stayed, as provided in the last preceding section, and the person for whose appearance such recognizance was given shall be produced in court before the expiration of said period of sixty days, the judge may vacate such judgment upon such terms as may be just and equitable; otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors." Rem. & Bal. Code, § 2233.

Unquestionably by the last quoted section, the vacation of the judgment is made a matter largely within the discretion of the trial court. That discretion, however, is not to be arbitrarily exercised. It is a judicial discretion. It is the manifest policy of the statute to encourage the giving of bail in proper cases, rather than to hold in custody at the state's expense persons accused of bailable offenses. The court should so administer cases arising under this statute as to give effect to this manifest policy. While the excuse given by the original defendants for not appearing did not appeal to the trial court as a good one, the fact that she did voluntarily return and surrender herself ought to have strong weight in her favor. It tended to show good faith on her part. We would be slow to disturb the court's ruling, however, if the original defendant alone were concerned, but her bondsmen were even more vitally interested than she was. The court found that neither of the bondsmen nor their attorneys had in any manner meant to nor had they in fact trifled with the court, but that they had acted in good faith. It is not questioned that they honestly and persistently and at considerable expense endeavored to find the defendant, nor is it questioned that they finally produced her in court. The purpose of the bail bond was accomplished. Under the court's finding as to their good faith, which we think was amply supported by the evidence, the judgment should have

been vacated. The court's announcement would justify no other course if in fact the original defendant was produced within the period of sixty days provided by the statute.

The respondent contends that the clerk's minutes of the order of default and forfeiture of the bail bond and for judgment against the defendant and her sureties on January 3d constituted the judgment, and that the defendant not having been produced within sixty days from that date, the court had no power to vacate the judgment. This position is not tenable. In the first place the clerk's entry was evidently not intended as a judgment. It was for no specific amount. It was in effect an order of default and forfeiture, and a direction that judgment be entered thereon. The prosecuting attorney so construed it by preparing and having entered a formal judgment for $1,000 one month and a half later. In the second place, there cannot be two subsisting judgments against the same parties for the same breach of the same bond. Even if the clerk's entry of January 3d had been sufficient to leave no doubt that it was intended as a judgment for the penalty of the bond, as directed by the statute, the court in entering the formal judgment at the instance of the judgment creditor in effect vacated the earlier one. The new judgment having been entered at the instance of the state, the state is now estopped to deny that it is the judgment of the court for all purposes. *Herzog v. Palatine Ins. Co.*, 36 Wash. 611, 79 Pac. 287; *Jemo v. Tourist Hotel Co.*, 55 Wash. 595, 104 Pac. 820, 30 L. R. A. (N. S.) 926.

The case of *Wooddy v. Seattle Electric Co.*, 65 Wash. 539, 118 Pac. 633, relied upon by the respondent is not pertinent. There the unsuccessful party sought to extend the time for taking an appeal by having a formal judgment entered, though the clerk's minutes contained every element of a final judgment. The decision in that case is based upon our holding in *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264, which is clearly distinguished from the situation here presented in the case of *Jemo v. Tourist Hotel Co.*,

*supra,* at page 598, where it is said referring to the *Chilcott* case:

"We held that the defeated party could not extend the time for taking an appeal by having a subsequent judgment entered. It was not the intention of the court to modify the rule announced in the *Herzog* case, as is shown by the reasons stated in the opinion and the fact that the case was not referred to. We think that, where a judgment has been entered by the clerk and later a motion for a new trial made and denied and a new judgment entered by the court upon the motion of the successful party, he is not only estopped to deny that it is the final judgment, but that in effect it vacates and supersedes the former judgment."

Under the rule so announced, we must hold that the judgment entered on February 18th is the only subsisting judgment on the bond. The defendant was produced in court by her bondsmen within the statutory period from that date.

The order appealed from is reversed, and the cause is remanded with the direction to vacate the judgment.

MOUNT, MORRIS, and FULLERTON, JJ., concur.