[No. 11208.   Department One.   November 1, 1913.]

THE STATE OF WASHINGTON, *Appellant*, v. THERESA JACKSCHITZ, *Respondent*.[1]

BAIL—FORFEITURE — VACATION — STATUTES — INHERENT POWER OF COURT. Rem. & Bal. Code, § 2233, authorizing the vacation of the forfeiture of bail upon production of the prisoner within sixty days, is not to be construed as limiting the common law power of the court to grant relief in proper cases after the expiration of such period; and the court has inherent discretionary power, irrespective of statute, to vacate a forfeiture of bail, and its order will not be reversed except for abuse of discretion.

SAME—DISCRETION OF COURT. It is not an abuse of discretion to vacate a judgment forfeiting cash bail for a prisoner convicted of crime, who fled pending a motion for new trial, where, ten months after the forfeiture, the prisoner returned "owing to the persuasion of her friends and bondsmen," and voluntarily surrendered herself and performed the judgment.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 26, 1912, vacating the forfeiture of cash bail, upon surrender of a prisoner convicted of crime. Affirmed.

*John F. Murphy* and *H. B. Butler*, for appellant.

*Edward Judd*, for respondent.

[1]Reported in 136 Pac. 132.

CHADWICK, J.—Respondent was convicted of a crime. At the time of conviction, she was under a penal bond to answer the judgment of the court. Pending the motion for a new trial, appellant fled the jurisdiction of the court; whereupon one of the bondsmen substituted the sum of $2,000 in lieu of his personal liability. A release of personal liability was entered, and at the same time an order was made forfeiting the cash bail. About ten months thereafter, respondent, "owing to the persuasion of her friends and bondsmen," as the court finds, voluntarily surrendered herself, and has performed the judgment of the court. Upon petition, the order of forfeiture or judgment, as the case may be, was vacated, and the cash bail ordered returned to the bondsmen. An appeal from this order is prosecuted by the county.

It is contended that the surrender was not made in time. Rem. & Bal. Code, § 2233 (P. C. 135 § 1301), is relied on:

"If a bond be given and execution stayed, as provided in the last preceding section, and the person for whose appearance such recognizance was given shall be produced in court before the expiration of said period of sixty days, the judge may vacate such judgment upon such terms as may be just and equitable; otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors."

It is insisted that this court has so construed this section in *State v. Johnson*, 69 Wash. 612, 126 Pac. 56. We do not so read the case. It reaffirms the words of the statute, and holds that, on the facts there found, the court had abused its discretion; and as a further reason, that the surrender had been made before the expiration of the stay. Whether a court has an inherent power to grant relief in such cases was not considered by the court.

It is said in 3 Ency. Plead. & Prac., 241, that the power of the court, after forfeiture of a bail, has been questioned, except as such power may be and frequently is given by statute. The text following, as well as many of the cases cited, shows that courts are constantly granting relief in such cases, and

that the order of the court will not be reversed on appeal except for a manifest abuse of discretion. We shall not review the authorities. They are to be found in the foot notes of the text cited. There is sound reason for the order appealed from. Bail is not taken on forfeiture as money is taken for a debt due upon a valid consideration. The object of bail is to insure the attendance of the principal and his obedience to the orders and judgment of the court. There should be no suggestion of bounty or revenue to the state or of punishment to the surety.

"The object of an appearance bond is to secure the trial of offenders rather than to fill the state coffers by forced contributions from sureties." *State v. Williams*, 37 La. Ann. 200, 202.

These things may result, but should not be insisted upon when the purpose of the law—that is, the surrender, conviction and incarceration of the principal—has been accomplished.

"It is the manifest policy of the statute to encourage the giving of bail in proper cases, rather than to hold in custody at the state's expense persons accused of bailable offenses. The court should so administer cases arising under this statute as to give effect to this manifest policy." *State v. Johnson, supra*.

In *United States v. Feely*, 1 Brock. (U. S.) 255, 259, John Marshall said:

"The object of a recognizance is, not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, but not proved to be guilty. If the accused has, under circumstances which show that there was no design to evade the justice of his country, forfeited his recognizance, but repairs the default as much as is in his power, by appearing at the succeeding term, and submitting himself to the law, the real intention and object of the recognizance are effected, and no injury is done. If the accused prove innocent, it would be unreasonable and unjust in government to exact from an innocent man a penalty, intended only to secure a trial, because the

trial was suspended, in consequence of events which are deemed a reasonable excuse for not appearing on the day mentioned in the recognizance. If he be found guilty, he must suffer the punishment intended by the law for his offence, and it would be unreasonable to superadd the penalty of an obligation entered into only to secure a trial. The reasonableness, then, of the excuse, for not appearing on the day mentioned in the recognizance, ought to be examined somewhere, and no tribunal can be more competent than that which possesses all the circumstances of the original offence, and of the default."

The right of bail is so fundamental that it is guaranteed in the Bill of Rights. The giving of bail should be encouraged for various reasons: that the state may be relieved of the burden of keeping an accused person; that the innocent shall not be confined pending a trial and formal acquittal; that, in cases of flight, a recapture may be aided by the bondsmen who, it is presumed, will be moved by an incentive to prevent judgment, or, if it has been entered, to absolve it and to mitigate its penalties. To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state. To hold otherwise would discourage the giving of bail and defeat the manifest purpose of the statute. Our construction of the statute relied on is that it undertakes to direct, almost as a matter of right, that a judgment shall be vacated within the sixty-day period, without limiting the common law power of the court in proper cases.

The point is made that the statute has no reference to the forfeiture of cash bail, and applies only to cases where a personal judgment is entered. This point may be well taken, but we feel no hesitation in resting our judgment upon the broader principles of the law.

It is also contended that no proper showing has been made in this case. That part of the findings and judgment of the

court hereinbefore quoted is, in our judgment, sufficient to warrant the court in the exercise of its discretion, and there has been no abuse of discretion.

Judgment affirmed.

Crow, C. J., Ellis, and Gose, JJ., concur.