[No. 18157. Department One. November 15, 1923.]

THE STATE OF WASHINGTON, *Appellant,* v. PATRICIA
REED *et al., Respondents.*[1]

BAIL (6, 9)—FORFEITURE—RELIEF FROM FORFEITURE—DISCRETION
—STATUTES—CONSTRUCTION. It is discretionary for the trial court
to set aside a forfeiture of a bail bond and stay proceedings, where
the principal has been arrested and is held in another state, and
therefore cannot be returned to the custody of the court by the
sureties, who have been diligent in their efforts and are willing to
return the principal as soon as it can be done.

Appeal from a judgment of the superior court for
King county, Hall, J., entered June 19, 1923, in favor
of the defendant, upon denying plaintiff's motion for
judgment on the pleadings and granting defendant's
plea in abatement, in an action by the state to recover
on a bail bond. Affirmed.

*Malcolm Douglas* and *Arthur Schramm, Jr.,* for ap-
pellant.

*T. D. Page,* for respondents.

HOLCOMB, J.—An order of forfeiture of a bail bond
was entered in a justice court for failure of Patricia
Reed, the accused, to appear and answer a criminal
charge. After the order of forfeiture was entered, the
original bond, together with a transcript of the pro-
ceedings in the justice court, was filed in the superior
court, and this action commenced to recover the penalty
of the bond.

It is alleged in the complaint of the state that, on
June 26, 1922, the defendant Patricia Reed was
charged, by complaint in writing, filed with a justice
of the peace in and for Seattle Precinct, King county,
Washington, with the crime of forgery in the first

[1]Reported in 219 Pac. 833.

degree; that a warrant was issued on the complaint
and served upon the defendant; that, in order to secure
her release from custody, the bond so obtained was
executed and filed; that the cause was regularly called
for trial on September 27, 1922, and continued on
motion of the defendant to November 17, 1922, on
which last date defendant failed to appear, and the
justice of the peace thereupon duly and regularly for-
feited the bail bond; that, on November 21, 1922, the
justice filed with the clerk of the superior court a tran-
script of his proceedings in the case; that the defend-
ant has departed from the jurisdiction of the court, is
a fugitive from justice, and ever since November 17,
1922, has failed and refused to return to the jurisdic-
tion of the court wherein proceedings were pending,
and has evaded service of process.

Respondents, the sureties, answered, admitting the
allegations of the complaint, and pleaded as an affirma-
tive defense thereto that, immediately upon learning
that Patricia Reed had fled the jurisdiction of the court,
they, as sureties, commenced a diligent search for her;
that, in doing so, they expended a large amount of time
and money; that, on December 21, 1922, they learned
that she had been arrested in San Francisco, Cali-
fornia, on a charge of forgery, and was being held for
trial upon that charge; that thereupon the sureties
caused a bench warrant to be issued and forwarded to
the officers in California having the defendant in cus-
tody, and arranged with such officers to hold her pend-
ing proceedings for her extradition, in the event that
she should be released from custody on the pending
charge of forgery in California. It was further al-
leged that the sureties would have extradited and re-
turned her to the jurisdiction of the Washington court
had she been released, or had it been otherwise possible
to do so; but that she was tried and convicted in the

California court upon a charge of forgery, and sentenced to an indeterminate term in the state penitentiary of California, and has commenced serving the term.

The affirmative defense further alleges that, upon information and belief, defendant Reed has been twice before confined in the penitentiary of California upon conviction of crime, and it is therefore unknown when, if ever, she will be released; that the sureties are willing to pay, and tender, the costs of this action and the costs incurred in the justice court. The prayer of the answer is that the bond be remitted in full, upon the payment of the costs in the justice court and in the event that the court shall hold the facts set forth in the answer do not constitute a good defense; that the answer be treated as a plea in abatement, and the cause abated until such time as the defendants shall have power and opportunity to cause the defendant Reed to be extradited and returned for trial.

Appellant moved for judgment on the pleadings. The court denied this motion, granted respondents' plea in abatement, and entered an order to the effect that, upon the payment into court by the defendants of the several amounts due for costs in the justice court and the costs to date in the superior court, further proceedings in the case would be stayed until the release of the defendant Reed from the penitentiary at San Quentin, California, and a reasonable time thereafter to enable the defendants to produce the defendant Reed in the superior court for trial.

Appellant assigns as errors the denial of its motion for judgment on the pleadings, and the order staying the action.

Authorities are cited to the effect that an arrest in another jurisdiction for a second and different offense will not operate to discharge the sureties on a bail

bond, and if sureties permit the principal to go to another jurisdiction, the authorities of which take him into custody, they are at fault for not keeping him within their control. 3 R. C. L., p. 53, § 64; *Taylor v. Taintor*, 16 Wall. (U. S.) 366, 21 L. Ed. 287; *Adler v. State*, 35 Ark. 517, 37 Am. Rep. 48; *Yarbrough v. Commonwealth*, 89 Ky. 151, 12 S. W. 143, 25 Am. St. 524; *State v. Horn*, 70 Mo. 466, 35 Am. Rep. 437; Notes to L. R. A. (N. S.) 140, and 1912-C Ann. Cas. 748.

Respondents contended in the court below, and were sustained by the trial court, that the trial court is vested with discretion to set aside a forfeiture and stay further proceedings until the principal can be produced, relying upon *State v. Johnson*, 69 Wash. 612, 126 Pac. 56, and *State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132.

Appellant contends that neither of these cases apply to the present one, for the reason that, in both cited cases, the accused had been apprehended and returned to the jurisdiction of the court in which the recognizance was given. It is contended by appellant that the purpose of the bond is to insure the attendance of the principal at the trial; that this has not been accomplished in this case and the excuse for non-attendance is not a valid and legal excuse; that therefore the trial court abused its discretion in making the order complained of.

We have adhered to the principal, as stated in *State v. Johnson, supra,* that,

"It is the manifest policy of the statute to encourage the giving of bail in proper cases, rather than to hold in custody at the state's expense persons accused of bailable offenses. The court should so administer cases arising under this statute as to give effect to this manifest policy."

The above policy was adhered to in *State v. Jack-schitz, supra,* and it was added that the giving of bail, ". . . . should be encouraged for various reasons: That the state may be relieved of the burden of keeping an accused person; that the innocent shall not be confined pending a trial and formal acquittal; that, in cases of flight, a recapture may be aided by the bondsmen who, it is presumed, will be moved by an incentive to prevent judgment, or, if it has been entered, to absolve it and mitigate its penalties. To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state. To hold otherwise would discourage the giving of bail and defeat the manifest purpose of the statute."

Respondents in this case have been diligent in their efforts to apprehend and bring back for trial the accused, their principal. The accused has certainly been brought to justice for some of her crimes. That is one of the things this state was endeavoring to accomplish. She is manifestly in a safe place for detention. If she ever attains her liberty, she may immediately be apprehended as a fugitive from justice and returned to this state for trial under the charge pending. Respondents have offered, and the trial court has required, the payment of the costs and expenses that have been incurred by the state up to the date of the order.

We are satisfied that a liberal construction of the statute, the discretionary powers of the trial court, and our rulings in the cases cited, require an affirmance of the judgment. It is so ordered.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.