[No. 20637.   Department One.   September 13, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. TOM OHM, *Appellant*.[1]

[1] BAIL (9)—RELIEF FROM FORFEITURE.  The forfeiture of bail will not be vacated, on the apprehension and return of the principal, where it appears that he fled to escape punishment.

Appeal from an order of the superior court for Spokane county, Lindsley, J., entered December 31, 1926, denying an application to vacate the forfeiture of cash bail.  Affirmed.

*Dan Danielson* and *Fred M. Williams*, for appellant.

*Chas. W. Greenough* and *Louis F. Bunge*, for respondent.

PER CURIAM.—On June 11, 1924, one Hansen, one Anderson and the appellant Ohm were jointly tried before a jury and convicted of the crime of maintaining a place for the unlawful sale of intoxicating liquors.  Following the verdict, the two first named duly appeared before the court, at the time appointed by the court, and were sentenced.  The appellant failed to appear, and his bail, in the amount of $1,500 in cash which he had posted, was adjudged forfeited, and a bench warrant was issued for his apprehension.  In April, 1925, some ten months later, he was apprehended at Portland, Oregon, returned to Spokane county, and was given an indeterminate sentence of from one to five years in the state penitentiary.  He was released after serving something over one year of the term, and four months thereafter applied to the superior court for a return of the bail.  From an order denying the application, he prosecutes this appeal.

[1]Reported in 259 Pac. 382.

[1] It is the policy of the law to encourage the giving of bail in bailable offenses, and for this reason the courts are lenient in relieving bondsmen from a forfeiture where they have been diligent in returning the person who has forfeited his bail to the processes of the courts. But the law is rigorous where it appears that the object of giving bail is to escape the penalties of a crime. In this instance, notwithstanding the appellant attempted a contrary showing, we are convinced that he was not misled as to his duty to appear at the time he was directed so to do by the order of the court, and that he would have escaped punishment had it not been for the diligence of the executive officers of the county. In such an instance, an offender is entitled to no leniency, and we cannot conclude that the trial court abused its discretion in refusing to relieve the appellant from the judgment of forfeiture.

Affirmed.