[No. 37018.    Department One.    March 5, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD F. HESLIN et al., *Appellants*.*

*James S. Kempton* and *Robert L. Butler*, for appellants.

*George A. Kain* and *Donald C. Brockett*, for respondent.

OTT, C. J.—January 15, 1963, Richard F. Heslin was charged, by information, with the crimes of robbery and grand larceny, in Spokane County. He was released from custody upon furnishing a bail bond in the sum of $10,000, as required by the court.

February 17, 1963, Heslin was arrested in Salt Lake City, Utah, and charged with the crime of assault with a deadly weapon with intent to commit robbery, and with the crime of kidnapping in the second degree. Upon his failure to furnish bond in the sum of $75,000, he was held in custody.

On or about February 18, 1963, counsel for the National Automobile and Casualty Insurance Company (hereinafter

*Reported in 389 P. (2d) 892.

referred to as the bonding company) informed the prosecuting attorney that Heslin would not be available for trial on March 4, 1963, because of his imprisonment in Utah.

March 4, 1963, the date set for Heslin's trial in Spokane County, the attorney for the bonding company informed the court that the defendant was imprisoned in the state of Utah; that a preliminary hearing would not be held there until March 22, 1963, and moved, *inter alia*, as follows:

(1) That the trial be continued until such time as it would be possible for Heslin to appear, and "to continue . . . the surety bond until it was possible for the defendant to make an appearance," and

(2) That the bonding company be permitted to deposit into court a sufficient sum to pay all costs of bringing Heslin to this state for trial and returning him to Utah if his return was required.

The prosecuting attorney resisted the motion for continuance, moved that the bond be forfeited, and informed the court that a hold order had been sent to Utah and that this state would seek extradition of the defendant Heslin upon his release.

The court ordered forfeiture of the bail bond as follows:

"On this 4th day of March, 1963, this cause came regularly on for trial, and the defendant, Richard F. Heslin, being not present in Court when his presence for the trial of said cause was required, and his name having been called thrice in the Court room and thrice in the corridors, and he still failing to respond, and counsel for plaintiff having moved for a forfeiture of the surety bail bond of the defendant, Richard F. Heslin, and after hearing said motion and the argument of counsel and the Court being fully advised in the premises, it is by the Court

"ORDERED, That said motion be and the same is hereby granted, and the surety bail bond of the defendant, Richard F. Heslin, in the sum of Ten Thousand Dollars ($10,000) in the National Automobile and Casualty Insurance Company, is hereby forfeited to and ordered paid to plaintiff, and judgment is entered against the National Automobile and Casualty Insurance Company accordingly."

From the judgment of forfeiture, Richard F. Heslin and the bonding company have appealed.

Appellant bonding company relies upon the following statement of points:

"(1) The trial court erred in granting the plaintiff's motion for the forfeiture of the surety bond of the National Automobile and Casualty Insurance Company for the failure of the defendant Richard F. Heslin to appear for trial in the Superior Court of the State of Washington in and for the County of Spokane in Spokane, Washington on March 4, 1963.

"(2) The trial court erred in denying the defendant's motion to continue the trial date from March 4, 1963, until such time as the defendant Richard F. Heslin could appear for trial.

"(3) The trial court erred in denying the defendant's motion to continue the defendant Richard F. Heslin on the surety bond of the National Automobile and Casualty Insurance Company until it was possible for the defendant to appear for trial.

"(4) The trial court erred in entering the order forfeiting surety bail bond of defendant Richard F. Heslin and entering a judgment against the National Automobile and Casualty Insurance Company in the sum of Ten Thousand Dollars ($10,000.00)."

RCW 10.19.080 provides:

"If without sufficient excuse the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the default to be entered upon its minutes and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited."

The trial court's order forfeiting the bail bond was predicated solely upon the fact that, on the date set for trial, the name of the appellant Heslin was called and he failed to respond. RCW 10.19.080, *supra*, provides that "If without sufficient excuse the defendant neglect to appear" the court must direct forfeiture.

What constitutes a "sufficient excuse" for a defendant's nonappearance which will prevent the mandatory forfeiture of his bail?

The right to bail in criminal cases (with certain exceptions not material here) is guaranteed by Art. 1, § 20,

of the Constitution of the State of Washington. The object of bail is to insure the appearance of the accused before the court at such times as the court may direct. It is not a revenue measure in lieu of fine, or one to punish sureties. *State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132 (1913).

Appellant Heslin's excuse for nonappearance was his forcible retention by a sovereign state which declined to release him for trial in Washington prior to his preliminary hearing on March 22, 1963.

In *State v. Reed*, 127 Wash. 166, 219 Pac. 833 (1923), the defendant was being retained in another jurisdiction. We said, p. 169:

"We have adhered to the principal, as stated in *State v. Johnson, supra* [69 Wash. 612, 126 Pac. 56 (1912)], that,

" 'It is the manifest policy of the statute to encourage the giving of bail in proper cases, rather than to hold in custody at the state's expense persons accused of bailable offenses. The court should so administer cases arising under this statute as to give effect to this manifest policy.'

" . . .

"Respondents in this case have been diligent in their efforts to apprehend and bring back for trial the accused, their principal. The accused has certainly been brought to justice for some of her crimes. That is one of the things this state was endeavoring to accomplish. She is manifestly in a safe place for detention. If she ever attains her liberty, she may immediately be apprehended as a fugitive from justice and returned to this state for trial under the charge pending. . . ."

In *State v. O'Day*, 36 Wn. (2d) 146, 216 P. (2d) 732 (1950), this court adhered to the rule announced in the *Reed* case, and held that, where the bondsman is diligent in returning the defendant to this jurisdiction, to forfeit the bail is an abuse of discretion.

■ In the instant case, the appellant bonding company promptly notified the court of Heslin's incarceration in Utah and offered to keep the bail bond in full force and effect until Heslin could be brought to this state for trial, and to pay all costs necessarily incurred by the authorities in accomplishing the appearance of Heslin for trial. Under authority of the cited cases, the evidence in this case pre-

sented a "sufficient excuse" to prevent the bail bond forfeiture on March 4, 1963.

The court abused its discretion in forfeiting the bond, and in denying appellant bonding company's motion for a continuance.

■ Finally, respondent urges on appeal that, by the time the Utah authorities release Heslin to the state of Washington for trial, the state may not be able to prove its case because of the delay. The record does not disclose the result of the Utah proceeding or whether the state since March 4, 1963, has requested the proper Utah authorities to bring Heslin to Washington for trial. Certainly, forfeiture of the bail bond would not insure an earlier return of appellant Heslin to the state of Washington. Further, the agreed statement of facts does not indicate that the alleged prejudice due to the delay was raised in the trial court, and, therefore, we cannot consider the contention on appeal. *Almy v. Kvamme, ante* p. 326, 387 P. (2d) 372 (1963); *Davis v. Sill,* 55 Wn. (2d) 477, 481, 348 P. (2d) 215 (1960), and cases cited.

The judgment is reversed, and the cause remanded with instructions to reinstate the bail bond in accordance with the views herein expressed.

HILL, ROSELLINI, and HUNTER, JJ., and JAMES, J. Pro Tem., concur.