[No. 37328.    Department One.    May 13, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. DEWEY M.
MULLEN, *Defendant*, NATIONAL AUTOMOBILE &
CASUALTY INSURANCE Co., *Appellant.**

*John Moberg*, for appellant.

*E. R. Whitmore, Jr.* and *David J. Whitmore*, for re-
spondent.

HUNTER, J.—This is an appeal from a judgment denying
the petition of the National Automobile & Casualty Insur-
ance Company, to whom we will refer as National, or appel-
lant, to vacate a $5,000 judgment entered against it, pursuant
to forfeiture of a $5,000 bail bond, upon which it was surety
for the defendant, Dewey M. Mullen.

On March 29, 1962, the defendant Mullen entered a plea
of guilty to the crime with which he was charged by in-
formation, of burglary in the second degree. Pending a pre-
sentence investigation, defendant was released from custody

*Reported in 401 P.2d 991.

on posting the aforesaid $5,000 bail bond. On August 8, 1962, it came to the attention of the trial court that the defendant had been cohabiting with a minor, and the court directed the sheriff of Chelan County to take the defendant into custody, and ordered that he be brought before the court for further proceedings. The sheriff notified the police of the town of Chelan and requested their aid in apprehending the defendant. On the evening of August 8, 1962, while seeking the defendant, pursuant to the sheriff's request, the Chelan police discovered defendant in a car parked at a drive-in restaurant. Defendant had been drinking. He was arrested and taken to the Chelan police station, where a complaint was immediately filed against him for illegal consumption of alcohol, in violation of the town ordinance. A complaint was also filed against him in Chelan Police Court, charging him with third-degree assault, on an accusation made after his apprehension. Defendant was placed in the town jail. Later, by reason of apparent illness, he was taken to the Chelan hospital, where, as the trial court found, he remained under custody of the Chelan police. On the morning of August 10, 1962, he escaped.

The trial court, upon learning of the escape, notified the defendant's attorney to have the defendant present in court on the morning of August 13, 1962, for sentencing. On that morning, the defendant's counsel appeared without the defendant. The court thereupon ordered revocation of defendant's bail, issuance of a bench warrant for his arrest, and forfeiture of his bail, unless he be produced in court not later than 12:01 p.m., August 15, 1962.

The defendant was not produced by August 15. Later, he was apprehended by federal officers in Medford, Oregon, on a federal fugitive warrant, and was returned to Chelan County by the Chelan County Sheriff on September 3, 1962. On September 13, 1962, he was sentenced to the state reformatory at Monroe.

In December, 1962, the state served National, as additional defendant, with motion and affidavit for judgment in the amount of the bail forfeiture, $5,000. National filed a mo-

tion and petition to vacate the order of forfeiture and to exonerate the bond. Hearing was held, and on January 23, 1963, an order was entered denying the motion to vacate and dismissing the petition to vacate, and judgment was entered against National in the sum of $5,000. A petition was thereafter filed by National to vacate the judgment. A trial was held thereon, and the court entered its findings of fact, conclusions of law, and judgment, on September 18, 1963, denying National's petition, from which this appeal is taken.

Appellant, National, contends that the trial court erred in failing to enter appellant's proposed finding that the arrest of the defendant by the Chelan police was pursuant to the direction of the Chelan County Sheriff. It argues that such circumstances constitute a re-arrest on the same charge for which the original bail was posted, and the bail was thereupon exonerated.

It is not clear from the record whether the arrest was at the direction of the Chelan County Sheriff, or by reason of a violation of a town ordinance of Chelan. To make this determination required a weighing of the evidence, which was within the exclusive province of the trial court as the trier of the fact. We cannot, therefore, say that it erred in refusing to enter the appellant's proposed finding. 5A C.J.S. *Appeal and Error* § 1675. We do not, then, reach the argument that the bond was exonerated upon defendant's arrest.

The appellant further contends that the trial court abused its discretion in refusing to vacate the judgment entered against the appellant. Appellant argues that it was denied the benefit of RCW 10.19.100 and RCW 10.19.105.

RCW 10.19.100 provides:

The parties, or either of them, against whom such judgment may be entered in the superior or supreme courts, may stay said execution for sixty days by giving a bond with two or more sureties, to be approved by the clerk, conditioned for the payment of such judgment at the expiration of sixty days, unless the same shall be vacated before the expiration of that time.

RCW 10.19.105 provides:

> If a bond be given and execution stayed, as provided in RCW 10.19.100, and the person for whose appearance such recognizance was given shall be produced in court before the expiration of said period of sixty days, the judge may vacate such judgment upon such terms as may be just and equitable, otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors.

■ We believe that these statutes were enacted by the legislature to implement the purpose of art. 1, § 20, of the Washington State Constitution, by encouraging the giving of bail in the proper cases. In *State v. Heslin*, 63 Wn.2d 957, 959, 389 P.2d 892 (1964), we said:

> The right to bail in criminal cases (with certain exceptions not material here) is guaranteed by Art. 1, §20, of the Constitution of the State of Washington. *The object of bail is to insure the appearance of the accused before the court at such times as the court may direct. It is not a revenue measure in lieu of fine, or one to punish sureties. State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132 (1913).
>
> . . . .
>
> In *State v. Reed*, 127 Wash. 166, 219 Pac. 833 (1923), the defendant was being retained in another jurisdiction. We said, p. 169:
>
> "We have adhered to the principal [sic], as stated in *State v. Johnson, supra* [69 Wash. 612, 126 Pac. 56 (1912)], that,
>
> " 'It is the manifest policy of the statute to encourage the giving of bail in proper cases, rather than to hold in custody at the state's expense persons accused of bailable offenses. The court should so administer cases arising under this statute as to give effect to this manifest policy.'
>
> ". . . ."
>
> . . . .
>
> In *State v. O'Day*, 36 Wn. (2d) 146, 216 P. (2d) 732 (1950), this court adhered to the rule announced in the *Reed* case, and held that, where the bondsman is diligent in returning the defendant to this jurisdiction, to forfeit the bail is an abuse of discretion. (Italics ours.)

In the instant case, the defendant was produced within 21 days after the date set for judgment and sentence. We believe this to be within a reasonable time, as contemplated

by RCW 10.19.105. Under these circumstances, to carry out the manifest policy of the statutes, the appellant should have been given the benefit of the equities, as provided in RCW 10.19.105.

The state argues that the appellant is not entitled to equitable consideration since the record shows no effort or assistance on the part of the appellant to return the defendant to the custody of the court. Under the circumstances of this case, this argument is inconsistent with our pronouncement that the object of bail is not that it be a revenue measure in lieu of fine, or one to punish sureties. *State v. Heslin, supra.* The defendant was made available to the court, as we have heretofore stated, only 21 days after his required appearance, irrespective of who was responsible. National should be held accountable, under these circumstances, only for the costs expended in apprehending and returning the defendant to the custody of the court, together with any costs which resulted to the county and state by reason of the delay in the production of the defendant in pursuance of the trial court's order of August 13, 1963.

In fairness to the trial court, it should be noted that it did not have the benefit of *State v. Heslin, supra,* which was filed subsequent to the trial of this case.

The judgment of the trial court denying the appellant's petition to vacate the judgment is reversed, and the cause is remanded for further proceedings consistent with our views expressed in this opinion.

ROSELLINI, C. J., HILL and HALE, JJ., and STAFFORD, J. Pro Tem., concur.