[No. 39407.    Department Two.    April 17, 1967.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES ROBERT RINGROSE *et al., Respondents.*[*]

[*]Reported in 426 P.2d 848.

*Charles O. Carroll* and *James E. Kennedy*, for petitioner.

*Monheimer, Schermer, Van Fredenberg & Smith*, by *John M. Schermer* and *Richard W. Pierson*, for respondent sureties.

HUNTER, J.—This case comes before us upon an application for review by certiorari of an order entered by the Superior Court for King County granting a stay of execution on a judgment of forfeiture of a bail bond.

James Robert Ringrose was charged in Seattle District Justice Court with the crime of assault in the first degree. Bail was set at $2,500. On September 11, 1964, he was further charged in the same court with being a fugitive from justice, for which additional bail was set at $2,500. He was released on a total bond in the amount of $5,000, posted by the sureties, C. E. Leman, Babette B. Leman, J. W. Willard, and Mardrey Willard, for the A-1 Bonding Company, Inc.

The defendant failed to appear on September 21, 1964, the day set for the justice court hearing, and the bonds were ordered forfeited by the justice court. On October 26, 1964, a bench warrant was issued for the defendant and bail was set at $10,000. For more than 2 years the defendant failed to appear and, on October 31, 1966, a certified copy of the judgment of forfeiture was obtained from the justice court and filed in the superior court on November 1, 1966. On November 17, 1966, judgment of forfeiture was entered against the defendant and his sureties on the bond.

On November 22, 1966, the superior court granted a stay of execution of the judgment of forfeiture for a period of 60

days, under RCW 10.19.100. At the expiration of the 60 days, the sureties moved the superior court for an additional stay of execution; and, on January 24, 1967, were granted an additional stay for a period of 6 months, contingent upon the sureties depositing into the registry of the court the sum of $5,000, which was to be paid to the state of Washington at the expiration of 6 months from the date of the order, if the defendant was not apprehended.

The record shows the defendant is on the list of the 10 most wanted criminals by the Federal Bureau of Investigation, and it was possible that the defendant would be apprehended within the 6-month period.

The state contends the granting of the stay under these facts constituted a manifest abuse of discretion, and also that the trial court's action was contrary to the express provisions of RCW 10.19.100 and RCW 10.19.105, which read as follows:

> The parties, or either of them, against whom such judgment may be entered in the superior or supreme courts, may stay said execution for sixty days by giving a bond with two or more sureties, to be approved by the clerk, conditioned for the payment of such judgment at the expiration of sixty days, unless the same shall be vacated before the expiration of that time. RCW 10.19.100.

> If a bond be given and execution stayed, as provided in RCW 10.19.100, and the person for whose appearance such recognizance was given shall be produced in court before the expiration of said period of sixty days, the judge may vacate such judgment upon such terms as may be just and equitable, *otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors.* (Italics ours.) RCW 10.19.105.

In essence, it is the contention of the sureties that, irrespective of the language of these statutes, it is within the inherent power of the court in the exercise of its sound discretion to grant relief from forfeiture of bail in proper cases, which will not be disturbed upon appeal in the absence of a manifest abuse of discretion. They argue that

this was a proper case and that there was no abuse of discretion.

The real issue is whether this is a proper case for the court to exercise its discretion. In the early case of *State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132 (1913), in reference to RCW 10.19.105, then Rem. & Bal. Code, §§ 2233 (P. C. 135 § 1301), we held that the remedies provided by the statute were not exclusive and ordered judgment of forfeiture vacated where the defendant had voluntarily surrendered to the authorities *10 months* after the forfeiture of bail. In considering whether the statute limited the court's inherent power, Judge Chadwick, in this landmark case, announced the policy of this court in granting relief in such cases, and construed the statute (RCW 10.19.105) as follows:

It is said in 3 Ency. Plead. & Prac., 241, that the power of the court, after forfeiture of a bail, has been questioned, except as such power may be and frequently is given by statute. The text following, as well as many of the cases cited, shows that *courts are constantly granting relief in such cases, and that the order of the court will not be reversed on appeal except for a manifest abuse of discretion.*

. . . . (Citations omitted.)

. . . . The giving of bail should be encouraged for various reasons: that the state may be relieved of the burden of keeping an accused person; that the innocent shall not be confined pending a trial and formal acquittal; that, in cases of flight, a recapture may be aided by the bondsmen who, it is presumed, will be moved by an incentive to prevent judgment, or, if it has been entered, to absolve it and to mitigate its penalties. To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state. To hold otherwise would discourage the giving of bail and defeat the manifest purpose of the statute. *Our construction of the statute relied on is that it undertakes to direct, almost as a matter of right, that a judgment shall be vacated within the sixty-day period, without limiting the common law power of the court in proper cases.* (Italics ours.) pp. 254-56.

■ The *Jackschitz* case has been consistently followed by this court as to vacation or modification of forfeiture judgments, *State v. Olson,* 127 Wash. 300, 220 Pac. 776 (1923); *State v. Jimas,* 166 Wash. 356, 7 P.2d 15 (1932); *State v. Van Wagner,* 16 Wn.2d 54, 132 P.2d 359 (1942); *State v. O'Day,* 36 Wn.2d 146, 216 P.2d 732 (1950); *State v. Mullen,* 66 Wn.2d 255, 401 P.2d 991 (1965); and where the trial court considered relief by vacation of judgment to be inappropriate when the defendant had been apprehended in another jurisdiction but was unable to be produced in this state, we have approved orders staying execution until his successful return. *State v. Reed,* 127 Wash. 166, 219 Pac. 833 (1923); *State v. Heslin,* 63 Wn.2d 957, 389 P.2d 892 (1964). In every instance, however, relief by an extension of the stay order beyond the 60-day period (RCW 10.19.105, *supra*) was only granted after the defendant had been discovered to be in custody in another state, where there was an ultimate possibility of his extradition to the jurisdiction of this state. *State v. Reed, supra; State v. Heslin, supra.* In no instance has this court approved a stay of execution, other than that provided by the express provision of the 60-day statutes, RCW 10.19.100 and RCW 10.19.105, *supra,* under facts comparable to those before us for review.

In the present case, the defendant's whereabouts has been unknown since September 21, 1964. The 60-day stay of execution on the judgment of forfeiture granted by the trial court, on November 22, 1966, under RCW 10.19.100, *supra,* expired on January 21, 1967; and the defendant was not produced or his whereabouts accounted for at that time. The further 6-month stay of execution granted by the trial court on January 24, 1967, was then in the face of a mere possibility of the defendant's discovery and return to this jurisdiction. Under these circumstances we conclude that the statute, RCW 10.19.105, *supra,* is controlling, and that this is not a proper case for the exercise of the trial court's discretion under its inherent power.

■ The sureties contend, finally, that review by certiorari is not proper in the case for the reason that the state

has an adequate remedy by appeal. This contention is without merit. The time required for an appeal would deny the state the benefit of RCW 10.19.105, *supra*, in this case.

The petitioner's application for certiorari is granted, and the January 24, 1967 order of the trial court extending the stay of execution of the judgment against the sureties is reversed.

Since the oral arguments on this review we have been notified by counsel that the defendant Ringrose has been captured in Japan. Our determination of this case shall not be considered as prejudicial to the rights of the sureties to petition the trial court for relief as may be justified, by reason of the defendant's apprehension and further changing factual conditions that may result therefrom.

DONWORTH and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.

*Reported in 426 P.2d 843.