[No. 638-3.    Division Three.    March 16, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSE LUNA MOLINA, *Defendant,* BOWLBY BAIL BOND COMPANY, *Appellant.*

*Ronald K. McAdams,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Carl Johnson, Deputy,* for respondent.

GREEN, C.J.—Bowlby Bail Bond Company (herein called "Bowlby") appeals from an order denying its motion to vacate a judgment forfeiting a surety bond posted on behalf of defendant, Jose Molina.

The scope of our review of the trial court's action is stated in *State v. Van Wagner,* 16 Wn.2d 54, 62-63, 132 P.2d 359 (1942):

> *The test,* in determining the question whether the trial court erred in refusing to vacate the forfeiture of a bail bond, "is not alone one of time whether prompt or otherwise; nor good faith, or the lack of it; nor compensation, or lack of it, to the bondsmen or surety; nor whether there are organized, undisclosed principals in procuring the business of furnishing bail" but *"is the judicial discretion of the trial judge,* who, in formulating and arriving at his judgment, may look to all such things, if in the case, and others, if there are any, with the understanding, . . . that in *'the absence of evidence of flagrant abuse the appellate court will not interfere.'"* *State v. Jimas, supra* [166 Wash. 356, 7 P.2d 15 (1932)].

(Italics ours.) Thus, the sole question before us is whether the trial court abused its discretion when it refused to vacate the forfeiture.

This question must be determined in the backdrop of the following facts. On August 19, 1971, defendant was charged with the crime of carnal knowledge, bond being set at $1,000. On August 23, defendant and Bowlby entered into a recognizance or bail bond in the amount of $1,000. After filing the bond with the court on August 25, defendant was released. No premium was paid for the bond; defendant only promised to pay it.

Notice of defendant's arraignment on September 27 was

given to defendant's counsel and to Bowlby. Defendant failed to appear. On September 30, plaintiff moved to forfeit the bail, but on motion of Bowlby a continuance on plaintiff's motion was granted until November 2, the date of trial, to allow Bowlby time to find the defendant. Defendant did not appear for trial. On November 22, an order forfeiting bail and a judgment against Bowlby for $1,000 was entered. Execution on this judgment was stayed for 60 days under RCW 10.19,100.[1]

Thereafter, Bowlby, without success, made several attempts to locate defendant. Eventually, defendant was found and arrested by law enforcement officials in the Benton-Franklin County area of Washington and delivered to Walla Walla authorities on March 13. On March 31, the charge was dismissed at the request of complainant and the state, and defendant released. At this point Bowlby unsuccessfully sought to vacate the judgment and forfeiture of the bail bond.

■ Bowlby contends it is an abuse of discretion not to vacate the forfeiture of a bail bond where the bondsman has exercised diligence to find the absconding defendant and the defendant is returned, irrespective of whose efforts bring about the return, unless the state shows prejudice or proves expenses. We disagree.

Where a defendant appears or is in custody in another state at the time the forfeiture judgment is entered, or within the 60-day stay of execution period,[2] it has been

---

[1] This statute provides:

"The parties, or either of them, against whom such judgment may be entered in the superior or supreme courts, may stay said execution for sixty days by giving a bond with two or more sureties, to be approved by the clerk, conditioned for the payment of such judgment at the expiration of sixty days, unless the same shall be vacated before the expiration of that time."

[2] RCW 10.19.105 provides for vacation of a forfeiture judgment as follows:

"If a bond be given and execution stayed, as provided in RCW 10.19.100, and the person for whose appearance such recognizance was given shall be *produced* in court *before* the *expiration* of said period of *sixty days,* the judge *may* vacate such judgment upon such terms as

generally held to be an abuse of discretion to refuse to vacate the judgment or grant a stay or continuance until the defendant can be returned. *State v. Mullen,* 66 Wn.2d 255, 401 P.2d 991 (1965); *State v. Heslin,* 63 Wn.2d 957, 389 P.2d 892 (1964); *State v. O'Day,* 36 Wn.2d 146, 216 P.2d 732 (1950); *State v. Seibert,* 170 Wash. 80, 15 P.2d 281 (1932); *State v. Reed,* 127 Wash. 166, 219 P. 833 (1923); *State v. Olson,* 127 Wash. 300, 220 P. 776 (1923); *State v. Bailey,* 121 Wash. 413, 209 P. 847 (1922); *State v. Johnson,* 69 Wash. 612, 126 P. 56 (1912).

However, where the defendant is taken into custody after expiration of the 60-day stay of execution period, the trial court exercising its inherent discretion has been affirmed in every instance whether or not the motion to vacate has been granted or denied. *State v. Jackschitz,* 76 Wash. 253, 136 P.2d 132 (1913) (affirmed return of bail); *State v. Ohm,* 145 Wash. 197, 259 P. 382 (1927) (affirmed refusal to vacate); *State v. Jimas,* 166 Wash. 356, 7 P.2d 15 (1932) (affirmed refusal to vacate); *State v. Van Wagner, supra* (affirmed refusal to vacate).

Defendant was not taken into custody until after the 60-day stay of execution period. His apprehension was by law enforcement officials and not the bondsman. No excuse was offered for defendant's failure to appear. Bowlby argues the dismissal of the charge entitles it to vacate the judgment. This dismissal was at the request of the victim's mother. Plaintiff asserts that this request was understandable in view of the nature of the charge and the delay of almost 8 months in bringing it on for trial due to the defendant's absconding. It is further argued that Bowlby's failure to collect a premium encouraged defendant's disappearance because he had no personal stake in appearing.

On the record before us, we cannot say there was a

may be just and equitable, otherwise execution shall forthwith issue as well against the sureties in the new bond as against the judgment debtors." (Italics ours.)

manifest or flagrant abuse of discretion in the denial of Bowlby's motion to vacate.

Judgment affirmed.

MUNSON and McINTURFF, JJ., concur.