[No. 30220-5-I.    Division One.    July 12, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN L. DARWIN, ET AL, *Defendants*, INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, *Appellant*.

*James M. Mucklestone* and *Mucklestone & Mucklestone*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Craig D. Chambers, Deputy*, for respondent.

BAKER, J. — Indiana Lumbermens Mutual Insurance Company (Lumbermens) appeals the trial court's order forfeiting its appeal bond for John L. Darwin (Darwin). We find that the bond should not have been forfeited, and reverse.

## FACTS

Lumbermens, as surety, posted the bond for Darwin's release during his appeal of a criminal conviction on charges of drug manufacturing. Following the execution of the bond,

the trial judge imposed additional conditions for the release of the defendant and his codefendant spouse. The conditions of release included supervision by a community corrections officer, periodic inspections of the defendants' home, persons and vehicles, and periodic urinalyses to be sure they were not using, possessing, or manufacturing drugs, and a prohibition on weapons possession. The judge expressed his concern that the bail bond companies for the two defendants be aware that they were vouching for their clients with the additional conditions. The judge stated:

> I want them to know about conditions, because if I'm going to be forfeiting the bond or some [other] judge is going to be forfeiting the bond, I don't want them to say, 'Well, these were unusual conditions or something we aren't used to'.

The following week, the court approved the bonds, subject to confirming letters from the bonding companies. Even before the court received the confirming correspondence, both Darwins were released subject to the additional conditions. The next week, Lumbermens sent a letter to the court confirming its acceptance of the conditions of bail for Darwin. "It is understood, and a matter of course, that the appearance of the Defendant . . . is guaranteed by the Indiana Lumbermens Mutual Insurance Company, the Surety."

This court affirmed the Darwins' convictions, and sentencing was scheduled for June 20, 1991. *State v. Darwin*, 60 Wn. App. 1018, *review denied*, 116 Wn.2d 1022 (1991). On June 14, 1991, a search was conducted of the Darwins' home, and drug manufacturing paraphernalia was discovered. They were immediately returned to custody.

A hearing was then held before a different trial judge[1] on the State's motion to forfeit the appeal bond. The court ordered forfeiture of the bond. This appeal followed.

The sole issue is whether the trial court erred in its decision to forfeit the appeal bond and hold the surety liable when the defendant had already been returned to custody.

---

[1] In the meantime, the original trial judge, Marshall Forrest, had been elected to the Court of Appeals.

CrR 3.2(c) allows the court to impose conditions of release upon a criminal defendant, including the posting of a secured or unsecured bond, conditioned on compliance with all conditions of release. CrR 3.2(g) provides that the order authorizing such release must state the conditions imposed and inform the accused of the penalties applicable to violations of the conditions imposed, and shall advise the accused that a warrant for the accused's arrest may be issued upon any such violation. CrR 3.2(i)(2) allows the court to revoke a release and allow forfeiture of the bond following a hearing where the violation is proved by clear and convincing evidence.

The object of bail is to guarantee the appearance of the accused before the court at such times as the court may direct. It is not a revenue measure in lieu of a fine, or a method to punish sureties. *State v. Jackshitz*, 76 Wash. 253, 136 P. 132 (1913). A bonding company, by undertaking to guarantee the presence of the defendant, may accept certain conditions of release, as was the case here. By doing so, the surety is guaranteeing the accused's presence in court, should any of the conditions be violated and the court call for the presence of the accused. It defies logic to suggest that by accepting those conditions, the surety is guaranteeing that the accused will not violate any of those conditions. The surety has no means of guaranteeing the accused's behavior, short of locking him up. We have found no cases where the surety contracted to guarantee the behavior of the defendants, at the risk of forfeiting its bond.

The trial judge's statements at the hearings, and the conditions of release contained in the order, are consistent with this interpretation. He probably would not have agreed with the prosecutor that bonding companies do not care what the conditions are if he was holding the bonding company financially responsible for the defendant's compliance with those conditions. A reasonable reading of his order is that the bonding companies were to guarantee, in writing, that the Darwins would appear in court if their appeal was unsuccessful, or earlier if they violated any of the conditions of

their release. It is not reasonable to read the order as requiring Lumbermens to guarantee, at the risk of forfeiting its bond, that none of the conditions of release would be violated. For instance, Lumbermens could not be certain the periodic inspections or urinalyses would occur, or that the defendant would pass them.

In any event, the bond was not subject to forfeiture without a clear agreement on the part of the surety that its bond could be forfeited if any conditions of release were violated. In this case, the evidence does not clearly establish such an undertaking. Therefore, the bond should not be forfeited for the defendant's failure to comply with the conditions. The defendant was in custody at the appropriate time, and the bond should be exonerated.

Reversed.

PEKELIS, A.C.J., and SCHOLFIELD, J., concur.