IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37789-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SARAH MARIE STRONG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| ACE'S BAIL BONDS LLC, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Ace's Bail Bonds (Ace's) appeals from trial court rulings denying its motion to return a bond. Although Ace's has not shown it is entitled to release of the bond based on statutory factors, it has established a specific ground for equitable relief. We therefore reverse the trial court and remand for the bond to be returned to Ace's.

FACTS

On August 7, 2019, the State charged Sarah Marie Strong with one count of second degree burglary. Ace's posted a $5,000 bond on Ms. Strong's behalf. The trial court subsequently ordered forfeiture of the bond based on Ms. Strong's failure to appear at an October 11, 2019, hearing. Payment ordered due within 60 days.

On November 2 and December 4, 2019, Ms. Strong sent the trial court letters stating she was incarcerated in Montana. On December 9, Ace's paid Ms. Strong's bond amount. In March 2020, Ms. Strong's burglary charge was dismissed without prejudice on a motion from the State, any bench warrants were recalled, and Ms. Strong's sureties were released "from any further liability herein." Clerk's Papers at 7.

During August 2020, Ace's moved in the trial court for return of its bond. In denying Ace's motion, the court reasoned that forfeiture was appropriate as there was no evidence in the record that, before and after the date Ms. Strong failed to appear up until the date of bond forfeiture, "Ace's [had not] done anything to return [Ms. Strong] to court." Report of Proceedings (Sept. 3, 2020) at 14.

Ace's subsequently moved for reconsideration. In support of this motion, Ace's submitted additional evidence in the form of a declaration from the owner of Ace's, who indicated he had discussed Ms. Strong's Montana incarceration with a prosecutor five days after Ms. Strong's failure to appear at the October 11, 2019, hearing. The court denied reconsideration on September 24, 2020. Ace's filed a notice of appeal the following day.

On November 3, 2020, Ace's filed an additional declaration from its owner in the trial court. The owner stated that Ms. Strong had recently been released from

2

incarceration in Montana and voluntary appeared with Ace's owner on October 29, first

before the Spokane County Superior Court ex parte department, then the chief criminal

department. Ace's owner indicated that, despite those appearances, both the ex parte

department and chief criminal department declined to return the bond.

ANALYSIS

Ace's challenges the trial court's denial of its motion to return the $5,000 bond

and motion for reconsideration. Forfeited bail may be released on statutory or equitable

grounds. *State v. Adams*, 15 Wn. App. 2d 215, 217, 478 P.3d 111 (2020). Our review is

for abuse of discretion. *Id.* A court abuses its discretion when it issues an order based on

legal error. *See State v. Westwood*, 10 Wn. App. 2d 543, 550, 448 P.3d 771 (2019).

*Statutory grounds*

Washington's bail statute authorizes the trial court to order forfeiture of bail bonds

based on a defendant's failure to appear. RCW 10.19.090. There are two statutory safety

valves protecting a surety from losing the bond amount. First, if the defendant is produced

in court within 60 days after issuance of an order of forfeiture, then the bond is subject to

release. RCW 10.19.105; *State v. Kramer*, 167 Wn.2d 548, 555-56, 219 P.3d 700 (2009).

The 60-day relief rule is automatic; it does not require any specific conduct by the surety.

*Kramer*, 167 Wn.2d at 556. Second, if the 60 days lapses, the bond can still be recovered

3

if the defendant is produced in court within 12 months of the forfeiture order, and the surety was "directly responsible" for the defendant's appearance. RCW 10.19.140.

The record does not show Ace's has met the requirements for statutory relief from forfeiture. Ms. Strong was not returned to the trial court within 60 days of the order of forfeiture as required by RCW 10.19.105. And there was no evidence before the trial court, prior to its ruling on reconsideration, showing Ace's was directly responsible for producing Ms. Strong in court within 12 months of the order of forfeiture as required by RCW 10.19.140.

Ace's points to the November 3, 2020, declaration, where its owner stated he had appeared with Ms. Strong in two different departments of the trial court on October 29. However, that declaration was not before the trial court at the time of its rulings on forfeiture. The fact that the trial court could not account for the after-filed November 3 declaration in its forfeiture rulings was not an abuse of discretion.

*Equitable grounds*

Trial courts have discretion to grant equitable relief from forfeiture where statutory grounds are unmet, but the underlying objectives of the bond have been satisfied. *Adams*, 15 Wn. App. 2d at 217; *State v. Jakshitz.* 76 Wash. 253, 136 P. 132 (1913). Equitable relief "should be exercised liberally," taking into account "the reasons for nonappearance

and the actions of the surety." *Kramer*, 167 Wn.2d at 567-68 (Fairhurst, J., dissenting).

When a defendant fails to appear for a court hearing based on incarceration in another

jurisdiction, that circumstance generally militates in favor of release of the bond. *See*

*State v. Heslin*, 63 Wn.2d 957, 389 P.2d 892 (1964). In addition, if a defendant is found

in custody outside the state of Washington within the 60-day grace period after a failure

to appear, "it has been generally held to be an abuse of discretion to refuse to vacate the

judgment." *State v. Molina*, 8 Wn. App. 551, 553-54, 507 P.2d 909 (1973).

Here, Ms. Strong twice alerted the court of her incarceration in Montana during

the 60-day grace period. Although there is no evidence in the record that Ace's was

responsible for Ms. Strong contacting the court, diligence by the surety is not relevant

during the initial 60-day period. *Kramer*, 167 Wn.2d at 554. While Ms. Strong did not

appear in court within 60 days of the court's order of forfeiture, she did present proof that

she was not purposely evading the court's jurisdiction and she could have been brought to

court through the judicial process of extradition. Consistent with *Molina* and the rule of

liberally exonerating bonds, the equities weighed in favor of releasing Ace's bond

amount.

We recognize the briefing before the trial court did not delineate the differences

between statutory and equitable grounds for releasing the bond. And the briefing made no

mention of *Molina*'s clear rule regarding defendants incarcerated in another state. Ace's likely could have avoided this appeal altogether by providing the trial court with more detailed briefing or timely proof that it diligently worked to produce Ms. Strong in the trial court. The court's denial of Ace's motion for release of bond was completely understandable, but nevertheless an abuse of discretion because it did not comport with the law applicable to equitable release of bail.

## CONCLUSION

We reverse the trial court's order on reconsideration and remanded for further proceedings consistent with this decision.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

6